## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50057 | **DATE** | 4/25/2013 |
| **CASE TITLE** |  | White v. Stanley, et al. | |

**DOCKET ENTRY TEXT:**

Defendants' motion for summary judgment [20] is granted in part and denied in part.

■ [ For further details see text below.]

Docketing to mail notices.

    Plaintiff, James White, has sued defendants, Winnebago County Deputies Tammie Stanley and T. Morrison, alleging under 42 U.S.C. § 1983 false arrest and excessive force in violation of the Fourth Amendment to the United States Constitution and Article I, Section 6 of the Illinois Constitution. Currently pending before this court is defendants' motion for summary judgment, seeking judgment only on the claims for false arrest. For the reasons which follow, that motion is granted in part and denied in part.

### I. BACKGROUND[1]

    Before 4 a.m. on March 9, 2010, Stanley stopped Nancy Hille, plaintiff's girlfriend, due to an expired registration sticker on the vehicle Hille was driving. Stanley discovered, when she ran Hille's license plate, that the actual expiration date for the plate was different than what was showing on the sticker affixed to the license plate. However, for reasons not clear in the record, Stanley was unable to determine at that time if the sticker was stolen. Accordingly, Stanley initiated some kind of investigation carried out by others during the day and went off of her shift at 4 a.m. When she returned to work at 4 p.m. the same day, Stanley learned that the investigation revealed that the license plate sticker had been stolen. Accordingly, Stanley spoke to Morrison, another deputy, and asked him to meet her at Hille's last known residence. Stanley did not seek an arrest warrant for Hille, because she "didn't need one. It was the same day."

    Nevertheless, when defendants arrived at Hille's last known residence, they knocked on the door. Plaintiff, the owner of the residence, answered the door and confirmed that Hille was present in the home. Plaintiff, however, informed defendants that he would not permit them access to his residence until they had a warrant and attempted to close the door. Stanley, who claims to have smelled burned or burning marijuana when she approached the home, declared that they did not need a warrant and entered the residence. The parties agree that plaintiff had fled halfway up the stairs when the deputies entered. The parties disagree on what happened next, with plaintiff claiming defendants tackled him unprovoked, wrenched his arm behind his back thereby ripping his rotator cuff, and handcuffed him, while defendants claim plaintiff turned and attempted to strike defendants before they subdued him. In any event, defendants subdued plaintiff and discovered Hille upstairs with a partially consumed marijuana cigarette. Defendants arrested plaintiff and charged him with resisting arrest and arrested Hille for the stolen license plate sticker violation and for the possession of marijuana. The charges

against plaintiff were later dropped.

## II. ANALYSIS

### A. Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Hemsworth v. Quotesmith.Com, Inc., 476 F.3d 487, 489-90 (7th Cir. 2007). In evaluating such a motion, the court's role is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Hemsworth, 476 F.3d at 490. The court must draw all reasonable inferences in the light most favorable to the party opposing the motion. Id. "A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Id. The party need not meet, in the court's eyes, the preponderance of the evidence standard, but must still provide more than a "mere scintilla" of evidence to show that there is a genuine issue of material fact. See Nat'l Inspection & Repairs, Inc. v. George S. May Int'l Co., 600 F.3d 878, 882 (7th Cir. 2010).

### B. Section 6

In their brief, defendants request that this court grant summary judgment on plaintiff's request for relief under the Illinois Constitution based on Article 1, Section 6—which is, among other things, the Illinois equivalent of the Fourth Amendment to the United States Constitution—because, according to defendants, that section does not create a private right of action. Although the Illinois courts have never directly addressed this question, this court has held as much many times. See Harrison v. City of Chi., No. 05 C 2680, 2007 WL 1810510, at *6 (N.D. Ill. June 19, 2007) (collecting cases). Nevertheless, plaintiff does not respond to this argument at all in his response, instead he responds only to the arguments under § 1983 based on the Fourth Amendment. Accordingly, the court will treat any claim which may exist under Section 6 as abandoned and grant the plaintiff's motion for summary judgment as to all claims purporting to arise based on Section 6.

### C. Section 1983

Section 1983 creates liability for any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . ." 42 U.S.C. § 1983. Where, as here, a plaintiff elects to proceed based on the Fourth Amendment, the liability can only be for a "search" or "seizure" not based on probable cause. See U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."). The only question for the purposes of false arrest under § 1983 is whether, based on the information the officer had at the time of the arrest, a reasonable officer would have probable cause to believe a crime had been committed and plaintiff had committed it. See Harney v. City of Chi., 702 F.3d 916, 922 (7th Cir. 2012). If the officer had probable cause, then there was no false arrest. Id.

Defendants argue that, at the time they seized plaintiff, they had probable cause to support the conclusion that plaintiff had committed a crime. Specifically, they argue that they had probable cause that plaintiff had committed the offense of resisting or obstructing a peace officer pursuant to 720 ILCS 5/31-1(a) ("A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer. . . of any authorized act within his official capacity commits a Class A misdemeanor."). Defendants' probable cause argument is based on a series of steps, beginning with the officers' claim that they smelled burned marijuana outside of the home.

Defendants recognize that it is a "basic principle of Fourth Amendment law . . . that searches and seizures inside a home without a warrant are presumptively unreasonable." Kentucky v. King, 563 U.S. ___, 131 S. Ct.

1849, 1856 (2011) (quotation marks omitted). However, there is a well-recognized exception to that rule which authorizes police officers to enter a home without a warrant based on exigent circumstances, including the need to "prevent the imminent destruction of evidence." Id. (quotation marks omitted). It is irrelevant whether the officers subjectively believed that there were exigent circumstances, instead the test is an objective one that asks whether a reasonable officer in defendants' position would have believed that an emergency existed which warranted entering the residence without getting a warrant. See United States v. Richardson, 208 F.3d 626, 629 (7th Cir. 2000). Defendants argue that, when they smelled marijuana being burned before the door opened, they became authorized by the exigent circumstances rule to enter the home to prevent any further destruction of evidence. In turn, when plaintiff attempted to close the door to bar their entry, defendants had probable cause that he was obstructing the authorized act of a peace officer within their official capacity. Therefore, defendants conclude that, they had probable cause that plaintiff had violated 720 ILCS 5/31-1(a) and, as a result, he cannot maintain a suit for false arrest.

    Defendants' entire argument, however, rests on the assertion that smelling burned or burning marijuana alone rises to the level of exigent circumstances, an assertion for which they provide no citation or legal support.[2] However, the courts who have addressed whether the smell of burned marijuana, by itself, gives rise to exigent circumstances have answered that question in varied and conflicting ways, and there does not appear to be a universal, or even majority, approach to the question. See generally Fern L. Kletter, Annotation, Validity of Warrantless Search of Other than Motor Vehicle or Occupant of Vehicle Based on Odor of Marijuana—State Cases, 122 A.L.R. 5th 439 (2004); Richard P. Shafer, Annotation, Validity of Warrantless Search of Other than Motor Vehicle or Occupant of Vehicle Based on Odor of Marijuana—Federal Cases, 191 A.L.R. Fed. 303 (2004). The parties' briefs have not disclosed any Seventh Circuit case dealing with the issue which would be controlling, nor has this court's independent research turned up any.

    Having reviewed the pertinent authorities, the court agrees with those courts that have found that the smell of burned marijuana, by itself with no other factors, is insufficient to provide exigent circumstances justifying a warrantless entrance into a home. Exigent circumstances only arise in a true emergency where there is a "compelling need for official action and no time to secure a warrant." Michigan v. Tyler, 436 U.S. 499, 509 (1978). The smell of burned marijuana provides probable cause that a crime—possession of marijuana—may have been committed, but is insufficient to rise to the true emergency level by itself justifying a breach of an individual's home. The smell of any kind of smoke dissipates over a large area, may linger a substantial time, and can be transported on fabric or other materials quite some distance from the site of the original crime. This is not to say that the smell of burned marijuana cannot constitute exigent circumstances when combined with other facts—see, e.g., United States v. McMillion, 472 F. App'x 138, 141 (3d Cir. 2012) (individual admitted to smoking marijuana when he answered the door and officers smelled burning marijuana); United States v. Reed, 318 F. App'x 774, 776 (11th Cir. 2009) (officers found a nearby field of marijuana plants and smelled marijuana coming from home)—but rather acknowledges the reality that, without more, the smell of burned marijuana in the air simply does not create any kind of emergency sufficient to breach the threshold of an individual's home. See Payton v. New York, 445 U.S. 573, 585 (1980) ("[T]he physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." (quotation marks omitted)). Furthermore, the smell of burned marijuana in this case only provided probable cause to suspect that someone had possessed a user-amount of marijuana. Possession of a small amount of marijuana is a misdemeanor in Illinois and the Supreme Court has warned that the exigent circumstances doctrine should typically be restricted to cases involving serious crimes. See Welsh v. Wisconsin, 466 U.S. 740, 753 (1984) ("[A]pplication of the exigent-circumstances exception . . . should rarely be sanctioned when there is probable cause to believe that only a minor offense . . . has been committed."). Accordingly, the court rejects defendants' argument that they had exigent circumstances to enter plaintiff's home. Without the exigent circumstances, plaintiff's act of closing the door did not provide the officers with probable cause to believe that he was obstructing the officers' lawful actions for the purposes of 720 ILCS 5/31-1. Therefore, defendants' motion for summary judgment, based solely on this argument, fails.

Defendants, in their motion, also mention in passing that defendants should be covered by qualified immunity for the same reasons. When determining whether an official is covered by qualified immunity, this court applies a two-prong test. First, the court asks whether plaintiff has set out a constitutional violation and, second, the court must determine if the violated constitutional right was clearly established at the time of the violation. See Pearson v. Callahan, 555 U.S. 223, 232, 236 (2009) (holding that the court may consider either step first). However, defendants' failure to develop this argument beyond simply restating the requirements for qualified immunity results in the waiver of the argument. See United States v. Wescott, 576 F.3d 347, 356 (7th Cir. 2009) (stating that unsupported and undeveloped arguments are waived). Furthermore, even if the argument had not been waived, it fails for the same reasons set out above—namely that defendants lacked exigent circumstances to enter the house so that plaintiff's act of closing the door did not give rise to probable cause to arrest him. Additionally, it is established beyond need for citation that a private citizen may refuse police entrance into his home without a warrant or other justifying circumstances and arresting an individual for whom the officers lacked probable cause is unconstitutional. Accordingly, even if defendants had sufficiently set out the qualified immunity claim based on the smell-of-marijuana-exigent-circumstances argument, this court would nevertheless reject it.

Finally, the court notes that in their reply brief defendants attempt to advance an additional argument, namely that "[w]hen the defendants pursued the Plaintiff into his home, they already had probable cause to arrest him for the marijuana violation." (Def. Reply at 5.) First, a reply brief is an inappropriate place to raise new arguments because plaintiff does not receive an opportunity to respond to it, therefore courts treat new arguments raised in reply briefs as waived. See United States v. Funds in the Amount of $220,030.00 in U.S. Currency, No. 11-cv-7779, 2013 WL 599561, at *3 (N.D. Ill. Feb. 14, 2013) ("It is well established that arguments raised for the first time in a reply brief are waived."). Second, that single sentence, which is not supported by any citation to law, is the entire basis for defendants' extra argument, resulting again in waiver for being undeveloped. See Wescott, 576 F.3d at 356. Finally, even if this argument had been fleshed out, the court would still reject it on the merits. Although the unparticularized smell of burned marijuana alone in an area is sufficient to create probable cause that a crime had been committed, it is not sufficient to create probable cause that any given person in the area had committed the crime. See United States v. Humphries, 372 F.3d 653, 659 (4th Cir. 2004) ("While the odor of marijuana provides probable cause to believe that marijuana is present, the presence of marijuana does not of itself authorize the police either to search any place or to arrest any person in the vicinity. Additional factors must be present to localize the presence of marijuana such that its placement will justify either the search or the arrest. In the case of a search, when the odor emanates from a confined location such as an automobile or an apartment, we have held that officers may draw the conclusion that marijuana is present in the automobile or the apartment. But probable cause to believe that marijuana is located in an automobile or an apartment may not automatically constitute probable cause to arrest all persons in the automobile or apartment; some additional factors would generally have to be present, indicating to the officer that those persons possessed the contraband. Thus, if an officer smells the odor of marijuana in circumstances where the officer can localize its source to a person, the officer has probable cause to believe that the person has committed or is committing the crime of possession of marijuana." (citations omitted)); see also 2 Wayne R. LaFave, Search & Seizure: A Treatise On the Fourth Amendment § 3.6(b) (5th ed. 2012) ("[I]t is well to note here that the detection of the odor of marijuana in a certain place will not inevitably provide probable cause to arrest a person who is at that place."). Here, the record states that defendants simply smelled burned marijuana in the vicinity of plaintiff's home and there are no additional factors on the record which would have permitted the officers to localize the source of that smell to plaintiff himself. Accordingly, the smell by itself was insufficient to create probable cause to arrest.

### III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted as to all of plaintiff's claims under Section 6 of the Illinois Constitution and denied in all other respects.

1. The facts here are drawn from the parties' respective Local Rule 56.1 statement of facts, most of which are uncontested except where noted otherwise herein.

2. To the extent defendants are relying on the facts of <u>Kentucky v. King</u> for support, which is not entirely clear from their brief, that case lends no support for the contention that the smell of burned marijuana is sufficient to create exigent circumstances. In <u>King</u>, the Kentucky Supreme Court presumed that the smell of burned marijuana and the officers hearing people moving around the apartment after they knocked and announced was sufficient for exigent circumstances, but determined that the officers created the exigency themselves, therefore, even assuming the circumstances were exigent, the case fell within an exception to the exigent circumstances doctrine called the police-created exigency. 131 S. Ct. at 1855. In its opinion, the Supreme Court ruled that the police-created exigency doctrine does not apply where the police did not commit, or threaten to commit, a discrete act which violated the Fourth Amendment. <u>Id.</u> at 1863. However, the Court, like the Supreme Court of Kentucky, "assume[d] for purposes of argument that an exigency existed." <u>Id.</u> The Court, after determining that the police-created exigency doctrine did not apply, remanded the case to the Kentucky courts to determine whether an exigency ever arose. <u>Id.</u> at 1863-64. Indeed, on remand, the Supreme Court of Kentucky found that the smell of burned marijuana and the fact that the officers could hear individuals moving around the apartment did not rise to the level of exigent circumstances. <u>See</u> <u>King v. Commonwealth</u>, 386 S.W.3d 119, 122-23 (Ky. 2012) <u>petition for cert. filed</u>, 81 U.S.L.W. 3085 (U.S. July 25, 2012) (No. 12-140).