IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED
OCT 0 2 2014
MAGISTRATE JUDGE IAIN D. JOHNSTON
UNITED STATES DISTRICT COURT

JAMES R. WHITE,

    Plaintiff,

vs.

TAMMIE STANLEY individually and in her
Capacity as a Winnebago County Sheriff's
Deputy and T. MORRISON, individually and
in his capacity as a Winnebago County
Sheriff's Deputy,

    Defendants.

Case No. 2011 CV 50057

Magistrate Judge Iain Johnston

## MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME the Defendants, TAMMIE STANLEY and THOMAS MORRISON, by and through their attorney, Paul Carpenter, Assistant State's Attorney for Winnebago County, Illinois, moves this court, pursuant to Rule 50 of the Federal Rules of Procedure, to enter judgment in their favor as a matter law with respect to Plaintiff's claim for compensatory and punitive damages, and in support thereof states as follows:

1. This is a Section 1983 Civil Rights action wherein Plaintiff alleges Defendants *Tammie Stanley + Thomas Morrison* exerted excessive force against Plaintiff.

2. Plaintiff seeks compensatory and punitive damages against Defendant *Tammie Stanley and Thomas Morrison*

3. In order to prevail on his claim for compensatory damages Plaintiff must prove Defendant *Stanley + Morrison* used unreasonable force against him. *Seventh Circuit Pattern Jury Instruction 7.08.*

4. In order to prevail on a claim for punitive damages Plaintiff must prove Defendant Stanley † Morris's "conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstance it reflects complete indifference to Plaintiff's safety or rights." *Seventh Circuit Pattern Jury Instruction 7.24.*

5. The incident which is the subject of Plaintiff's lawsuit occurred in the course of arresting the Plaintiff. At all times relevant to this cause of action, Defendants Stanley and Morrison were deputy sheriffs acting within the scope of their employment, and Plaintiff was the subject of an arrest.

6. Defendants Stanley and Morrison can use force to effectuate an arrest and not be in violation of the Constitution. "An officer's use of force is unconstitutional if, judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." Chelios v. Heavener, 520 F.3d 678, 689 (7th Cir. 2008) (internal quotations and citations omitted).

7. Based on the evidence submitted at trial in this case no reasonable juror could find Defendant Stanley or Morrison's actions were unreasonable under the circumstances.

8. The claim of excessive force comes from the process of placing handcuffs on Plaintiff. While Plaintiff claims he did not struggle or resist the placement of handcuffs, his treating physician testified that the only way his rotator cuff would have been torn in this incident is if he did resist the police officer's efforts at placing his arm behind his back.

2

9. The evidence then is that either one of two situations took place: 1) Mr. White resisted the placement of the handcuffs, and as a result, he suffered a torn rotator cuff; or 2) Mr. White didn't resist the placement of the handcuffs, and he did not suffer the injury he claims.

10. In either of those scenarios, it can only be held that the Defendants used a reasonable amount of force to make the arrest.

11. Furthermore, the Plaintiff failed to present a prima facie case that Plaintiff's rotator cuff injury was a result of the incident at issue. Dr. Fancsali's testimony was that such an injury was most commonly caused by doing strenuous overhead work, such as the work Plaintiff does as an occupation. He did not testify (to the recollection of defense counsel) that it was his opinion that the Plaintiff's injury and medical treatment was reasonable and necessary as a result of the incident at issue.

11. Based on the evidence submitted at trial in this case no reasonable juror could find either Defendant Stanley or Defendant Morrison's actions were either malicious or done in reckless disregard of Plaintiff's rights. There is no evidence to support a finding that Defendant Stanley or Defendant Morrison's actions were accompanied <u>by ill will or spite</u>; nor is there any evidence to support a finding Defendant Morrison's actions were taken <u>for the purpose of</u> injuring Plaintiff. There is not evidence that Defendant Stanley took any action which did injure Plaintiff. Furthermore, there is insufficient evidence to sustain a finding that either of the Defendants' actions reflected a <u>complete</u> indifference to Plaintiff's safety or rights.

**WHEREFORE,** Defendants Tammie Stanley and Thomas Morrison move this Court to dismiss Plaintiff's claims for compensatory damages and for punitive damages, and to enter judgment in favor of Defendants Tammie Stanley and Thomas Morrison.

                                            TAMMIE STANLEY and
                                            THOMAS MORRISON, Defendants,

                                            BY:   \S\ Paul Carpenter

PAUL CARPENTER, #6274660
Assistant State's Attorney
Civil Bureau
400 West State Street, Suite 804
Rockford, Illinois 61101
(815) 319-4799
ATTORNEY FOR DEFENDANTS
pcarpenter@wincoil.us